CLAY, Circuit Judge,
dissenting.
This case presents the question of whether the decision of an administrative law judge that was based largely upon the records of a person other than the claimant can be deemed to be supported by substantial evidence. Because I believe that this Court cannot affirm a decision based upon such a fundamentally flawed record without engaging in speculation and conjecture which usurps the agency’s fact-finding role, I respectfully dissent.
In light of the erroneous and undetected inclusion of another person’s records in Plaintiffs file and the subsequent reliance upon these records by consulting physicians and Social Security Administration (“SSA”) decision-makers, the ability of this Court to review the results of the administrative proceedings has been compromised. In order to affirm the administrative law judge’s opinion, this Court is required to speculate as to what the examining or consulting physicians would have determined absent the erroneously included records, how the administrative law judge would have weighed those never-formulated opinions in reaching his decision, and whether the administrative law judge’s hypothetical decision would be supported by substantial evidence. To engage in such far-reaching conjecture is to exceed our role as a reviewing court.
In addition to Plaintiffs medical records, the evidence before the administrative law judge erroneously included treatment records from Valley Health Medical Center for a different Donna Wilson who suffered from depression, anxiety and fixed delusional disorder. This error was only discovered by Plaintiffs counsel at the time the reply brief in this appeal was filed. Subsequently, counsel for the government acknowledged that the other Donna Wilson’s records had been erroneously mixed up with Plaintiffs medical records, obviously without the mix-up being detected by the government until after the reply brief was filed. It is difficult to believe that the decision-making of the medical experts and administrative law judge was unaffected by this records glitch when the government’s lawyer himself was unable to detect the problem throughout the bulk of the proceedings. To think otherwise would be to unduly minimize the crucial nature of a *462 patient’s medical history in evaluating the patient’s current medical condition. See Howard v. Comm’r of Soc. Sec., 276 F.3d 235, 242 (6th Cir.2002) (reversing the denial of social security disability benefits where the administrative law judge failed to take into account a significant portion of the claimant’s medical history).
The records from Valley Health Medical Center significantly affected the consultative psychological evaluation that the SSA arranged for purposes of evaluating Plaintiffs social security disability claim. On March 24, 2005, Dr. Jacob Muehleman, a psychologist employed by the Kentucky Department of Disability Determination Services (“DDS”), conducted a psychological evaluation of Plaintiff. In addition to testing Plaintiffs memory and cognition, Dr. Muehleman took into account the mental health reports from the Valley Health medical records. In his assessment, Dr. Muehleman summarized the reports from Valley Health and noted that they were inconsistent with Plaintiffs description of her mental health history. Dr. Muehleman concluded from his evaluation that Plaintiff was not exhibiting any psychotic symptoms, but he was unsure whether Plaintiff was taking her prescribed medications. Dr. Muehleman summarized his assessment as follows:
It is my observation from the history that she is not impaired in the ability to understand, retain and follow instructions or not impaired in ability to sustain attention to perform simple repetitive tasks and mildly impaired in the ability to relate to others and fellow workers and perhaps markedly impaired in the ability to deal with supervisors and moderately impaired in ability to tolerate stress and pressures associated with day-to-day work activity.
(A.R.215.)
On April 8, 2005, without examining Plaintiff in person, DDS psychologist Dr. Dan K. Vandivier completed a “psychiatric review technique form” and determined Plaintiffs residual functional capacity.[3] Dr. Vandivier found that Plaintiff suffered from anxiety and depression and concluded that Plaintiffs mental impairment mildly restricted her performance of the activities of daily living, moderately impaired her social functioning, and moderately impaired her concentration, persistence or pace. It is impossible to determine to what extent Dr. Vandivier relied upon the erroneous Valley Health medical records in evaluating Plaintiffs residual functional capacity; however, it is clear that the residual functional capacity determination was largely based upon Dr. Muehleman’s analysis, which in turn relied upon the Valley Health records. In evaluating Plaintiffs disability claim, the administrative law judge expressly relied upon Dr. Vandivier’s conclusions, which were based in part on faulty evidence, stating that “the undersigned is persuaded by the opinion of the state agency psychologist who found a severe mental impairment with moderate limitations in functioning.” (A.R.16-17.) Thus, stripping the Valley Health medical records from Plaintiffs file would undermine the entire basis for the administrative law judge’s decision.
The majority attempts to discount the impact of the erroneously included records on the validity of the agency’s decision by asserting that without “the records of the other Donna Wilson, the resulting file *463 lacks any record of mental impairments that limit, much less disable, Wilson.” Maj. Op. p. 458. However, even absent the erroneously included records regarding Plaintiffs mental health, there remains ample evidence in the administrative record that Plaintiff has suffered from anxiety and depression. Plaintiff had a history of taking Xanax, Valium and Ambien for anxiety, depression and sleeplessness. In the course of her evaluation by Dr. Muehleman, Plaintiff explained that “[s]he does get frustrated easily, nervous, confused, and feels kind of high-strung.” (A.R.214.) Plaintiffs therapist, Robert O’Brien, diagnosed her with adjustment disorder with depressed mood and noted that she was easily frustrated. In her appeal of the denial of disability benefits, Plaintiff complained of difficulties concentrating, remembering, and handling stress. Without further factfinding below, and in view of the confusion in the record, this Court cannot independently conclude that Plaintiffs mental impairments are not severe enough to preclude her from performing her past relevant work.
The majority also relies on the fact that Plaintiff believed that her most serious ailment was her physical impairment and not mental illness. However, Plaintiffs subjective belief about the comparative severity of her impairments does not preclude the administrative law judge from coming to a different conclusion based upon objective medical evidence. Although Plaintiffs medical records, however inaccurate and incomplete, give some indication of the extent of her mental health issues, no detailed evaluation of Plaintiffs mental health has been conducted based entirely upon her correct medical records. The examining and consulting physicians have had no opportunity to evaluate Plaintiffs medical condition utilizing her accurate medical records and taking into account her actual medical history. See 20 C.F.R. § 416.920a(e)(l) (“Assessment of functional limitations is a complex and highly individualized process that requires [the SSA] to consider multiple issues and all relevant evidence to obtain a longitudinal picture of [the claimant’s] overall degree of functional limitation.”). Again, this Court cannot decide this case without engaging in speculation regarding the outcome of a proper medical evaluation of Plaintiff.
Unfortunately, the majority opinion is an exercise in speculative over-reaching. The majority claims that any error committed by the administrative law judge was harmless because the correct record of Plaintiffs medical impairments is insufficient to show that she lacked the mental ability to work as a desk clerk. This conclusion is based upon the facts as found by the majority and not by the administrative law judge. In effect, the majority reaches a conclusion on an issue not decided in the first instance by the agency: whether the actual Donna Wilson (as opposed to some composite of two different social security claimants) is disabled within the meaning of the Social Security Act. This action by the Court is contrary to longstanding Supreme Court precedent. Gonzales v. Thomas, 547 U.S. 188, 126 S.Ct. 1613, 164 L.Ed.2d 358 (2006) (requiring remand where the resolution of a matter not decided in the first instance by the agency “requires determining the facts and deciding whether the facts as found fall within a statutory term”); Florida Power & Light Co. v. Lorion, 470 U.S. 729, 744, 105 S.Ct. 1598, 84 L.Ed.2d 643 (1985) (In reviewing an agency’s disposition of a matter entrusted to it by statute, this Court “is not generally empowered to conduct a de novo inquiry into the matter being reviewed and to reach its own con *464 elusions based on such an inquiry.”); SEC v. Chenery Corp., 318 U.S. 80, 88, 63 S.Ct. 454, 87 L.Ed. 626 (1943) (“[A] judicial judgment cannot be made to do service for an administrative judgment. For purposes of affirming no less than reversing its orders, an appellate court cannot intrude upon the domain which Congress has exclusively entrusted to an administrative agency.”).
Regardless of whether the administrative law judge would find for Plaintiff on remand, this Court is not in the position to weigh the evidence on the revised record and independently determine whether Plaintiff is entitled to disability benefits. Rather than engage in an awkward attempt to separate and unscramble the medical records of two individuals and then attempt to reach a conclusion that we believe would have been arrived at by the decision-makers below, we should simply remand with instructions that the administrative law judge straighten out the record and conduct the proper proceedings before reaching his or her decision, which we can then review on appeal, if necessary. We should not “accommodate the parties’ desire to proceed,” Maj. Op. p. 459, by failing to remand where doing so is contrary to controlling precedent and well-established principles of judicial review. For these reasons, I dissent.

. On July 14, 2005, after the receipt of additional medical records from Plaintiff, DDS psychiatrist Dr. Alexis M. Guerrero also completed a psychiatric review technique form and determined Plaintiff's residual functional capacity. Dr. Guerrero adopted Dr. Vandivier’s analysis in its entirety, and the administrative law judge cited solely to Dr. Vandivier’s analysis.